IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02001-EWN-MEH

RUBEN L. MILLER,

      Plaintiffs,

v.

MORGAN C. PLUMMER and
MARK A. BOLEY,

      Defendants.

---

## RECOMMENDATION ON MOTION TO DISMISS

---

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendants' Motion to Dismiss [Docket #5].  Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for recommendation.  For the reasons set forth below, the Court recommends that the District Court **grant** Defendant's Motion and **dismiss** this matter without prejudice.

**I.      Facts**

Plaintiff, appearing *pro se*, initially instituted this action against Defendants in state court under Simplified Civil Procedure and alleging that Defendants failed to compensate Plaintiff for two months of employment.  Defendants are leaders of the Army unit of which Plaintiff was a member.  In response, Defendants removed the action to federal court, and United States Attorney Troy Eid has certified that Defendants were employees of the United States Government during the time of the allegedly wrongful conduct and were acting within the course of their official duties.  Defendants filed a Motion to Dismiss, asserting that this Court lacks subject matter jurisdiction.  Plaintiff filed no Response.

## II.      Discussion

### A.      Legal Standard for Motion to Dismiss under Fed. R. Civ. P. 12(b)(1)

The burden of establishing this Court's jurisdiction rests on the party asserting such jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992).  Only well-pleaded factual allegations in the Complaint must be taken as true and viewed in the light most favorable to the non-moving party. *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). Although the Court construes a *pro se* plaintiff's pleadings liberally, Plaintiff retains "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  This burden remains because "a *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.*

### B.      This Court lacks jurisdiction over Plaintiff's claims

Plaintiff seeks compensation for his service in the Army during the relevant time period. Plaintiff was tried and convicted at a court-martial and is now absent without leave from his unit. Defendants assert that all actions relating to Plaintiff were performed exclusively in their roles as leaders of Plaintiff's army unit, and Plaintiff provides no factual allegations indicating that Defendants acted outside the scope of their employment with the United States.

Under the *Feres* doctrine and its progeny of cases, this Court has no jurisdiction to entertain a lawsuit by an enlisted military personnel against his superior officers if the wrongs alleged are incident to the plaintiff's service in the military. *Feres v. United States*, 340 U.S. 135 (1950).  The United States Supreme Court reasoned, "The need for special regulation in relation to military discipline, and the consequent need and justification for a special and exclusive system of military

justice, is too obvious to require extensive discussion; no military organization can function without strict discipline and regulation that would be unacceptable in a civilian setting." *Chappell v. Wallace*, 462 U.S. 296, 300 (1983). "Civilian courts must, at the very least, hesitate long before entertaining a suit which asks the court to tamper with the established relationship between enlisted military personnel and their superior officers; that relationship is at the heart of the necessarily unique structure of the Military Establishment." *Id.*

Here, Plaintiff's claims for wages is incident to his service in the Army. Without supporting allegations, Plaintiff seeks this compensation from his superior officers, apparently in their individual capacity. Because Defendants establish, and Plaintiff cannot refute, that Defendants acted within the scope of their employment at all relevant times, this Court lacks jurisdiction over Plaintiff's claims. Accordingly, the Court recommends that Plaintiff's claims be dismissed for lack of subject matter jurisdiction.

## III.    Conclusion

For the reasons stated above, the Court RECOMMENDS that Defendant's Motion to Dismiss [Filed October 19, 2006; Docket #5] be **granted** and that this matter be **dismissed without prejudice** for lack of subject matter jurisdiction. Plaintiff asserts a claim for wages against the superior officers in his Army unit, a claim which is outside the jurisdiction of this Court. Pursuant to Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed

3

Dated at Denver, Colorado this 5th day of December, 2006.

BY THE COURT:

s/ Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge

findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).